```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GWENDOLYN TUCKER                                  CIVIL ACTION

VERSUS                                            NO. 06-9983

METROPOLITAN PROPERTY AND CASUALTY                SEC. B(5)
INSURANCE COMPANY, ET AL.
```

## ORDER AND REASONS

This matter came before the Court for oral argument in consideration of Plaintiffs' Motion To Remand. (Rec. Doc. No. 10). After considering the pleadings, the law, and the argument of counsel,

**IT IS ORDERED** that Plaintiff's Motion To Remand Is **GRANTED**.

## *BACKGROUND*

Plaintiff's property allegedly sustained extensive damage as a result of Hurricane Katrina.

On or about August 28, 2006, Plaintiff filed suit against Defendants Metropolitan Property And Casualty Insurance Company ("Metropolitan"), Metlife Auto & Home ("Metlife"), and Powell Insurance Agency, Inc. ("Powell") in the 34th Judicial District Court for the Parish of St. Bernard. Plaintiff asserts breach of contract and bad faith claims against Defendants Metropolitan and Metlife, *inter alia*. Plaintiff further asserts claims of negligence against Powell for failing to procure adequate insurance

1

coverage and failing to advise Plaintiff regarding insurance policy terms and available additional insurance, *inter alia*.

Metropolitan removed the matter to federal court claiming federal subject matter exists pursuant to 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1332, 1369, 1441(e) and 1446.

Plaintiff contends federal jurisdiction does not exist. First, Plaintiff contends the National Flood Insurance Act is inapplicable and federal jurisdiction does not exist pursuant to 42 U.S.C. § 4072 or 28 U.S.C. § 1331 because Plaintiff's flood insurer was not named as a defendant. Second, Plaintiff contends 28 U.S.C. §§ 1369 and 1441(e) are not applicable as Hurricane Katrina does not satisfy the statutory definition of an accident. Third, Plaintiff contends the complete diversity requirement of 28 U.S.C.§ 1332 is not met. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

Metropolitan contends federal jurisdiction exists pursuant to 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1332, 1369, 1441 (e) and 1446.

First, Metropolitan contends 42 U.S.C. § 4072 or 28 U.S.C. § 1331 afford original exclusive jurisdiction as Plaintiff did make a claim with her flood insurance carrier and/or FEMA. Second, Metropolitan contends 28 U.S.C. §§ 1331 and 1441(e) are applicable to actions arising out of Hurricane Katrina. Third, Metropolitan

contends the requirements of 28 U.S.C. § 1332 are satisfied as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  Metropolitan claims Powell, the non-diverse party, was improperly joined as Plaintiffs failed to state a claim against Powell.

Powell re-urges Metropolitan's arguments in opposition to Plaintiff's motion to remand.  In further support of Metropolitan's argument relating to improper joinder, Powell contends Plaintiff's claims against Powell, if any, are perempted.  Powell moves the Court to deny Plaintiff's motion or alternatively to certify the order for immediate appeal under 28 U.S.C. § 1292(b).

### *DISCUSSION*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co. Of America*, 114 S.Ct. 1673, 1675 (1994).  As such, federal courts possess only the power authorized by the Constitution and Congress.  *Id.* (citations omitted).  "It is to be presumed that a cause lies outside of this limited jurisdiction (citations omitted) and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.* (citations omitted).

**1.   Jurisdiction pursuant to the National Flood Insurance Act, 42**

**U.S.C. § 4072 and/or 28 U.S.C. § 1331.**

Defendants contend Plaintiff's claims arise out of the administration of a national flood insurance policy and, therefore, federal courts have original federal question jurisdiction pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, et seq.

42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claims in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Original exclusive federal jurisdiction exists pursuant to the NFIA when claims arise out of the administration and claims handling of a national flood insurance policy.[1]  Furthermore,

---

[1] *See Columbo v. Allstate*, 2006 WL 3827529 (E.D. La. 2006) and *Newman v. Allstate*, 2006 WL 236116 (E.D. La. 2006).

"state law tort claims arising from claims handling by a WYO are preempted by federal law."[2]  However, "[c]laims against agents and insurers for negligent acts or misrepresentations in the procurement of WYO policies on behalf of the NFIP may be remanded to state court."[3]

Plaintiff's flood insurer is not named as a Defendant in the instant action.  Furthermore, Plaintiff's claims do not arise out of claims handling or the administration of a national flood insurance policy.  Plaintiff's claims against Powell regarding Powell's alleged negligence in the procurement of flood insurance are not sufficient to invoke jurisdiction pursuant to the NFIA.[4]

**2.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e).**

Defendants contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1369 and/or supplemental jurisdiction under 28 U.S.C. § 1441(e)(1) because this action arises out of Hurricane Katrina and Metropolitan is a defendant in a number of Hurricane

---

[2] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390(5th Cir. 2005).

[3] *Newman v. Allstate*, 2006 WL 236116 (E.D. La. 2006)(citing *Wright v. Allstate ins. Co.*, 415 F.3d 384, 389 n.3 (5th Cir. 2005); *Sullivan v. State Farm & Casualty Co.*, 2006 WL 2119320 (E.D.La. 2006); and *Landry v. State Farm Fire & Casualty* , 428 F.Supp.2d 531 (E.D.La. 2006).

[4] See *Wright v. Allstate ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Newman v. Allstate Ins. Co.*, 2006 WL 2632116 (E.D. La. 2006); and *Sullivan v. State Farm & Casualty Co.*, 2006 WL 2119320 (E.D.La. 2006).

Katrina related matters pending in the United States District Court of the Eastern District of Louisiana.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28

6

U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441 (e)(1) to cases arising out of Hurricane Katrina and/or levee breaches for failure to satisfy the "single accident" requirement.[5] As such, the requirements of 28 U.S.C. § 1369 are not satisfied and subject matter jurisdiction does not exist under 28 U.S.C. §§ 1369 and/or 1441.

### 3. Jurisdiction pursuant to 28 U.S.C.§ 1332.

Defendants contend the requirements of 28 U.S.C. § 1332 are satisfied as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendants

---

[5] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

further contend Powell, the non-diverse Defendant, was improperly joined as Plaintiffs failed to state a claim against Powell.

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants argue Plaintiff failed to state a viable claim against Powell. "Pleadings are to be construed to do substantial

justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[6]  A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).* Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006)(quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)). Plaintiffs may prove a set of facts in support of claims entitling it to relief. Therefore, the Court finds that Plaintiff stated viable claims against Defendant Powell.

Defendants further argue that Plaintiff's claims against Powell are perempted. Thus, Defendants claim Powell was improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent

---

[6] Plaintiff filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

9

part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The initial policy procurement falls outside of the three year peremptive period. However, a policy renewal may be the basis of a separate tort when the complained of conduct consists of separate and distinct acts giving rise to "immediately apparent damages." *Southern Athletic Club*, 2006 WL 2583406 (E.D.La. 2006)(citing *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La. App. 5 cir. 10/26/04) and *Sonnier v. Louisiana farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La. App. 3 Cir. 3/1/06).

The determinative issue before the Court is whether Plaintiff should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743

10

(E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Here, Plaintiff alleges communication with Powell regarding policy limits and scope of coverage within one year and further alleges Plaintiff made and/or requested a policy changes within the last three years. Without further factual development the Court cannot conclude that Plaintiff has no possibility of recovery against the in-state defendant.

The Court finds Defendant Powell was not improperly joined. Accordingly,

11

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED.**

New Orleans, Louisiana this 27th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE